## Rollins v. The Town of Chester.

Highway surveyors are authorized to purchase at the expense of the town, all such timber, plank, &c., as may be necessary to repair the roads and bridges in their respective districts, and as incident to that authority they may cause the lumber so purchased to be surveyed at the expense of the town, whether the taxes on their lists had been previously expended or not.

But such surveyor would have no right to charge to the town, any labor done or procured by him upon or in connection with such timber so purchased by him, or in applying it to the use for which it was purchased, or in bargaining for such timber, plank, &c., for such use, even though such timber were purchased and such labor done after the taxes on his list were all expended.

Articles in a warrant for a town meeting, to choose town officers, to raise money to defray town charges and appropriate the same, to raise money necessary to repair highways, and establish the price of labor in working out the same, and to appoint an agent or agents to prosecute and defend in all cases where the town is a party, are not sufficient to authorize a vote of the town appointing three men to examine the bridge made or repaired by the plaintiff, and to award to him such sum as they deem sufficient, and instructing the selectmen to pay the same; nor a vote authorizing the selectmen to pay a sum certain in settlement of plaintiff's suit; and such votes, under those circumstances, would not be competent evidence of an acceptance of such bridge by the town, or of a ratification of the plaintiff's acts in building it.

When a town at a legal meeting appoints an agent to prosecute and defend suits, in which the town is a party, an offer by such agent to pay to the plaintiff a certain sum, but less than the amount claimed, in settlement and satisfaction of his suit, is not competent evidence against the town ; 1st, because if it had been intended as an admission, it would not bind the town, not being within the scope of the agent's authority; and 2d, if made by competent authority, it would only be an offer of compromise.

THIS was assumpsit on account annexed, and the suit was brought September 3, 1862, to recover the sum of forty-five dollars for work and labor by the plaintiff, and money paid by him for other work and labor and materials found in rebuilding a bridge and repairing the highway connected with it, in the town of Chester, in August, 1861.

Among the items of the account was one for four stringers, charged at $3.00, and for this the defendants brought into court under the common rule the sum of $3.50, and as to the rest pleaded the general issue.

At the trial here the evidence tended to prove that the plaintiff was the highway surveyor of the district in which this bridge and road were situate, and that before doing this work he had expended upon other parts of the highway all the taxes embraced in his warrant; and the court ruled that, as such surveyor, he had no authority to do the work for which the suit is brought, or any part of it at the expense of the town, and also ruled that the fact that labor was done by the plaintiff in connection with the timber so purchased by him, or in applying it to the use for which it was purchased, or in bargaining for plank for such bridge, would give him no right to charge such labor to the town; the timber having been purchased and the labor done after the taxes on his list were all expended; and to both of these rulings the plaintiff excepted.

The plaintiff also put his claim upon the ground that the repairs were necessary and beneficial to the town, and that after they were made the town accepted and ratified the plaintiff's acts, and received the benefit of the work; and he offered evidence tending to prove that the bridge was much out of repair, and that the repairs were necessary and beneficial to the town.

To prove the necessity and propriety of making the repairs the plaintiff offered to prove that complaints were made by citizens of the town that the bridge was dangerous; but the court, against the plaintiff's exception, rejected the evidence.

To prove the acceptance and ratification by the town the plaintiff adduced evidence tending to prove that after he had laid the stringers of the bridge the selectmen finished it, by putting plank upon them, and that the bridge and road has ever since been used for the public travel; and also offered sundry other acts and declarations of the selectmen together with votes of the town; and for this purpose offered to read a vote of the town at its annual meeting in 1863, authorizing the selectmen to pay the plaintiff forty dollars in settlement of this suit, each party paying his own costs; this was objected to upon the ground that there was no article in the warrant to authorize this vote, and the court ruled that the article for choosing an agent to prosecute and defend suits was not sufficient, and rejected the evidence, subject to plaintiff's exception.

The plaintiff also offered to prove that, under a vote of the town appointing the first selectman, Mr. Kent, an agent to prosecute and defend suits, he offered to pay the plaintiff forty dollars for the work done on the bridge and the highway, but the court rejected the evidence, subject to the plaintiff's exception.

Against the plaintiff's exception the defendant was allowed to prove a conversation between plaintiff and the selectmen, one of whom thought it was in December, 1861, and the other in February, in which the selectmen denied that the town owed him for this work, or had employed him.

The plaintiff having read in evidence a vote of the town in 1864, that Thomas J. Melvin act as agent to settle all cases of law where the town is a party, according to the best of his ability, and it appearing that this and two other such suits were then pending, the court instructed the jury that this vote was not of itself in law an acceptance, but might be considered by them with the other evidence on the question of acceptance and ratification; and to this the plaintiff excepted.

The plaintiff also offered a vote of the town of Chester at its annual meeting in March, 1862, in these words: "Voted to appoint Thomas J. Haseltine, Benjamin Davis and ̇Joshua B. Cheswell to examine the highway bridge made or repaired by Levi D. Rollins, and award to him such sum as they deem sufficient, and that the selectmen pay the same;" and as a foundation for the vote the plaintiff offered the articles in the warrant for this town meeting—to choose town officers—to raise money necessary to defray town charges the ensuing year, and appropriate the same—to raise money necessary to repair highways, and establish the price of labor in working out the same—and to see if the town will choose an agent or agents to prosecute and defend in all cases where the town is a party; but the court rejected the evidence, and the plaintiff excepted.

Verdict for defendant, which plaintiff moves to set aside. And the questions of law arising on the case were reserved.

*Frink*, for plaintiff.

*C. H. Bell*, for defendant.

SARGENT, J.    Surveyors of highways have a right to purchase all such timber, plank and other materials, as are necessary for repairing highways and bridges in their respective districts at the cost and charge of the town.    Rev. Stats. ch. 55, sec. 14; *Brown* v. *Rundlett*, 15 N. H. 360; *Palmer* v. *Carroll*, 24 N. H. 314; *Ball* v. *Winchester*, 32 N. H. 435.

But while the surveyor may do this, it is not intended that he should expend the labor necessary to work the timber, &c., into a bridge, or that he should work the other materials into a highway or bridge at the expense of the town, but he must do this with the money in his hands or the labor which he is entitled to command upon his warrant as surveyor.    Because it is made the duty of selectmen, when the taxes in any district, from any unforeseen accident shall be found insufficient, to order any surveyor to cause the taxes then due upon his list to be worked out in said district, and if the taxes then due shall be insufficient, the selectmen shall cause the road or bridge affected by such accident, to be put in repair at the expense of the town.    But surveyors are only au-

thorized to procure the materials at the expense of the town, and then with the amount of taxes committed to them, they are to go on and repair the highways and bridges in their district, and if that is not sufficient, the selectmen may order any other surveyor to work his taxes then due, in said district, and if the taxes then due shall be insufficient, they (the selectmen) may repair at the expense of the town.

It has been held in such case that the selectmen have no authority to repair at the expense of the town until the money raised by vote of the town for that purpose has been expended. *Wells* v. *Goffstown*, 16 N. H. 53. The farthest that surveyors have been allowed to go in purchasing plank and lumber at the expense of the town, was to hold that they might have such lumber surveyed at the charge of the town as a, proper means of determining its quantity and value. *Wells* v. *Goffstown, supra.* But it has never been held that a surveyor might charge his services in procuring the materials, or his labor in drawing them, or working them into a bridge or highway, to the town. The only seeming authority for such a holding is a dictum of *Eastman, J.,* in *Patterson* v. *Colebrook,* 29 N. H. 105, where he expresses a doubt whether if the only defect in a highway were a hole in a bridge, the surveyor would not be bound to repair it, on the ground that he was authorized to purchase lumber, plank, &c., at the expense of the town. But we think there was no foundation for this doubt, because the mere purchase of plank, and having them surveyed, would not mend the hole in the bridge, since labor would probably have been necessary for that purpose, both upon the bridge and upon the plank, in order to use the materials thus purchased for repairing the bridge. But such services cannot be rendered or procured at the charge of the town.

The fact that complaints had or had not been made of the condition of the road, had nothing to do with the fact which was attempted to be proved, viz., that the repairs were *necessary.* This could only be shown by showing the actual condition of the road at the time.

The vote of the town of March, 1863, was properly rejected. The vote was void, there being no article in the warrant authorizing it, and besides if there had been, the vote only amounted to an offer to compromise the suit which was not admissible as evidence. The vote was after the suit was commenced.

So, also, of the offer by Kent. His appointment as agent to prosecute and defend suits gave him no authority to accept or ratify the plaintiff's acts, and besides the offer which he made was only an offer to compromise the suit, or the claim, and would have been inadmissible, even if Kent had had authority to settle the same, which he had not. It does not appear when this vote was passed or this offer made.

The vote in 1864, though long after the suit was commenced, by which Melvin was authorized to settle all cases where the town was a party, to the best of his ability, was perhaps properly enough submitted to the jury to be considered and weighed by them as an act of the town tending to show a ratification or acceptance on the part of the town; but that was all it could be claimed to be, even admitting that the article in the warrant was such as to authorize the vote that was passed.

The ruling was at least sufficiently favorable to the plaintiff, and he cannot complain of it.

The vote of 1862 was not authorized by any article in the warrant, and was, therefore, of no account, and was properly rejected.

But the evidence introduced by the defendant of the conversation between the plaintiff and the selectmen of the town, in December, 1861, or February, 1862, in which it was proved that the selectmen denied the liability of the town, was, we think, clearly incompetent. The party cannot thus make evidence for himself by putting in his own statements or those of his agent, in his own favor. But it seems that all that was said by the selectmen was that the town did not owe the plaintiff and had not employed him. That is the same ground defendants now take and have always taken. They are here in court saying the same thing. It is just what they would have been expected to have said, unless they admitted the liability of the town which would have been evidence for the other side, if the selectmen had any authority in the matter. We cannot see that the evidence was in any way material, or could bear in any way upon the case. And though clearly incompetent, we think it immaterial, and that the verdict should not be disturbed on that account.

<em>Judgment on the verdict.</em>